IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                                       No. 14-10187-JTM

DAVID PARKER,
        Defendant.

MEMORANDUM AND ORDER

This matter is now before the court on defendant David Parker's motions for compassionate release under 18 U.S.C. § 3582(c)(l)(A). Parker argues the court should reduce his sentence in light of the risk he faces from the COVID-19 virus in light of injuries to his lungs as the result of previous gunshot wounds. The defendant has the burden to show he should be released under § 3582. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Even if a defendant otherwise shows that "extraordinary and compelling" reasons support a release, he must demonstrate that such a result is consistent with the sentencing factors set out in 18 U.S.C. § 3553(a).

Having reviewed the defendant's medical records, the court does not find that Parker has met his burden to prove that he suffers from a life-threatening physical condition in the event he contracts the COVID-19 virus. The records show that Parker was indeed shot at some point in the past, and that at one point (February 8, 2018)

Parker told a prison nurse that he suffered from asthma. But there is otherwise no documentation of the disease, and no indication of any treatment by inhaler or prescription medication. The burden is on Parker to show the existence of an actual life threatening condition and he has not done so.

But even if he had, compassionate release would not be justified in the present case in light of the relevant Section 3553 sentencing factors. The 3553(a) factors relevant to defendant's request for compassionate release are (1) his personal history and characteristics, (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for the sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for any rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. 18 U.S.C. § 3553(a)(1) – (6).

This court has previously determined that a compassionate release under § 3582 should be denied where the defendant has been imprisoned for either actual violence, or conduct which creates a substantial and inherent risk of serious violence. *See United States v. Beasley*, No. 13-10112-01-JTM (D. Kan. Sept. 23, 2020) (defendant operated a large-scale narcotics operation while armed with a firearm).[1] Here the defendant pled

---

[1] Numerous other courts have reached the same conclusion. *See United States v. Taylor*, No. 4:17-CR-9(1), 2020 WL 5222797, at *5 (E.D. Tex. Sept. 1, 2020) (given the extent of defendant's drug activity and his possession of a handgun in connection with that activity, "the court cannot conclude that Taylor would not pose a danger to the safety of any other person or to the community, if released from confinement");

guilty to possession of a firearm (a CZ model 52, 7.62 mm semi-automatic pistol) by a felon. Parker had previously been convicted in 2008 of felony aggravated battery. Three months before the offense of conviction, during a traffic stop, Parker was found to possess narcotics and another handgun, a Ruger model LCR, .380 caliber semi-automatic pistol.

In addition to the forgoing, Parker's extensive criminal history, yielding a total criminal history score of 23 in his Presentence Report (Dkt. 21, at 20), includes convictions for carrying a loaded vehicle in a firearm (on two separate occasions), battery with bodily harm/domestic violence, criminal use of weapons, criminal threat, and attempting to elude an officer. Under the circumstances of the case, the court concludes that Parker's release from prison would produce a result that would fail to reflect the seriousness of his offenses, the need to provide just punishment, to ensure public safety, and to promote respect for the law.

---

*United States v. Brewster*, No. 3:19-CR-44-JD-MGG, 2020 WL 5088586, at *3 (N.D. Ind. Aug. 28, 2020) (release would be inconsistent with § 3553(a) given defendant's possession of weapons, including "driving a vehicle with a loaded firearm under his seat"); *United States v. Neloms*, No. 18-CR-80154, 2020 WL 4794008, at *3 (S.D. Fla. Aug. 18, 2020) (agreeing with government's argument that possession of a firearm in connection with drug trafficking would preclude § 3582(c)(l)(A) release); *United States v. McGirt*, No. 4:16-CR-86 (4), 2020 WL 4044973, at *4 (E.D. Tex. July 17, 2020) (because "McGirt's offense of conviction entail his possession of firearms while an unlawful user of a controlled substance[,] the court cannot conclude that McGirt would not pose a danger to the safety of any other person or to the community"); *United States v. Walters*, No. 216CR00011JADPAL, 2020 WL 3104049, at *2 (D. Nev. June 11, 2020) (denying release to defendant guilty of "possession of methamphetamine with intent to sell and being a felon in possession of a loaded semiautomatic handgun-serious and dangerous offenses").

IT IS ACCORDINGLY ORDERED this day of February, 2021, that the defendant's Motion for Release (Dkt. 40) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge
